UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BRIAN BUCHTEL,** | |
| **Plaintiff,** | |
| v. | No. 3:25 CV 570 |
| **SHERRIFF,** | |
| **Defendant.** | |

## OPINION and ORDER

Brian Buchtel, a prisoner without a lawyer, filed a complaint against the DeKalb County Sheriff. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On November 2, 2023, Buchtel's son, Richard Buchtel, who was twelve years old, passed away in DeKalb County, Indiana. (DE # 2 at 2.) Buchtel states a DeKalb County detective contacted him about his son's death and told him his son had committed suicide because he had been bulled at school. (*Id.*) However, Buchtel states that, a month after his son's death, he viewed a video which showed five people dragging his son, who was screaming for help, from behind his mother's apartment. (*Id.*) The video

also showed his son being hit by a train. (*Id*.) Despite the video, Buchtel asserts the DeKalb County Sheriff's Department continues to say his son passed away from suicide. (*Id*.)

In this case, Buchtel has sued the DeKalb County Sheriff regarding the investigation of his son's death. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and high-ranking officials cannot be held liable for damages simply because they oversee operations or supervise staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Instead, they must have some personal involvement. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). There is no basis in the complaint to infer that the DeKalb County Sheriff was personally involved in investigating the death of Buchtel's son.

Furthermore, while Buchtel is disappointed with how the investigation was handled, he does not have a constitutional right to force an investigation into the matter of his son's death. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction"). Therefore, while

2

the apparent failure to investigate the alleged wrongdoing is troubling, it does not provide a basis for bringing a claim in federal court. Therefore, Buchtel may not proceed against the DeKalb County Sheriff.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: February 6, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3